UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| AUDREY UPTON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No.: 3:15-cv-00351 |
| | ) |
| ESSROC CEMENT CORP., | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW Plaintiff Audrey Upton, by counsel, and brings this action against Essroc Cement Corp. ("Essroc") for violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e-2 ("Title VII") and for violation of the Americans with Disabilities Act, 42 U.S.C. §12101 *et seq.* ("ADA") and shows as follows:

## PARTIES

1. Upton is an individual who resides in Cass County, Indiana.

2. At the times relevant to her claims, Upton was an employee of Essroc within the meanings of Title VII and the ADA.

3. Upton is a qualified individual with a disability within the meaning of the ADA.

4. Essroc is a Pennsylvania corporation doing business in Indiana.

5. At the times relevant to Upton's claims, Essroc was Upton's employer within the meanings of Title VII and the ADA.

## JURISDICTION AND VENUE

6. This Court appropriately has jurisdiction pursuant to 28 U.S.C. §1331 because Upton asserts claims arising under federal law, specifically Title VII and the ADA.

7. This Court is an appropriate venue for this action because the events giving rise to Upton's claims occurred in Cass County, Indiana and Defendant may be found in Cass County, Indiana.

## TITLE VII COVERAGE

8. Essroc is engaged in interstate commerce, or in an industry affecting commerce.

9. Essroc employs in excess of fifteen (15) employees for each working day in each of twenty (20) or more calendar weeks in the current or preceding year.

## ADA COVERAGE

10. Essroc is engaged in interstate commerce, or in an industry affecting commerce.

11. Essroc employs in excess of fifteen (15) employees for each working day in each of twenty (20) or more calendar weeks in the current or preceding year.

## FACTUAL ALLEGATIONS

12. Upton began working for Essroc more than ten (10) years ago.

13. At the times relevant to this action, Upton worked as a Crane Operator.

14. During the course of Upton's employment, only two (2) women have been employed as laborers at this Essroc location.

15. During the course of Upton's employment, women have been generally relegated to office roles.

16. Essroc has disciplined Upton for small rule or policy violations which were not enforced against male employees.

17. Essroc has declined to investigate rule or policy violations reported by women, but investigated those rule or policy violations which were reported by men.

18. Upton was disciplined for leaving a crane on.
19. Upton did not leave a crane on.
20. Men who left cranes on were not disciplined for the same alleged offense.
21. In disciplining Upton for the purported policy or rule violation, Essroc ignored its own policy or practice whereby the foreman must be involved in the issuance of a write-up.
22. Upton was disciplined for inadvertently striking a "fly ash" tank.
23. Men who inadvertently struck "fly ash" tanks or other objects were not disciplined for the same offense.
24. Upton reported to her supervisory authorities that a required safety feature had been removed from the crane she operated.
25. The removed safety feature alleged in Paragraph 24 was especially important to Upton due to her height.
26. Instead of replacing the safety feature previously alleged, Essroc allowed the safety feature to be repeatedly removed and ultimately kept out of the crane.
27. Essroc's manager, Corey Conn, blocked the permanent installation of the removed safety feature.
28. As a result of the removal of the safety feature, Upton sustained an injury.
29. As a result of her injury due to the removal of the safety feature, Upton has non-transitory physical limitations.
30. Upton is physically limited in the movement of her head and neck, as well as in her ability to lift or support weight using her head and neck.
31. Upton has a permanent impairment to her neck and / or spine which significantly restricts the normal functioning of her musculoskeletal system.

32. Upon reporting her injury to Essroc, Upton met resistance in obtaining treatment pursuant to Indiana's worker's compensation laws.

33. Male employees are not generally met with resistance in obtaining treatment pursuant to Indiana's worker's compensation laws.

34. Essroc actively interfered with Upton's treatment under Indiana's worker's compensation laws.

35. Essroc scheduled follow-up appointments for Upton but did not inform Upton that the appointments were scheduled.

36. Upton's treating medical personnel under the worker's compensation system attempted to schedule follow-up appointments with Upton, but Essroc interfered in the appointments.

37. Upton requested an appointment to see a physician under the worker's compensation system in February 2014, but was denied until August 2014.

38. Males received preferential treatment to Upton with respect to worker's compensation claims and treatment.

39. Despite Upton's repeated requests for training, Essroc declined to provide job training to Upton that it provided to other similarly situated male employees.

40. Essroc personnel harassed Upton by timing how long particular tasks take her, while not timing similarly situated male employees.

41. Essroc personnel discouraged Upton from applying to other positions within the company by denying her opportunities for training, development, and practice that were provided to similarly situated male employees.

42. Upton sought a reasonable accommodation for her physical limitations.

43. A reasonable accommodation for Upton's physical limitations existed within Essroc.

44. Upton was qualified for and sought a position which would have reasonably accommodated her physical limitations.

45. Essroc denied Upton's request for a reasonable accommodation.

46. Essroc did not engage in an interactive process with Upton to determine what a reasonable accommodation for Upton's disability may be.

47. Upon information and belief, Essroc maintains a seniority system whereby a senior employee may displace a junior employee.

48. Upon information and belief, Upton had seniority over an individual who occupied a position which would have been a reasonable accommodation for Upton's physical limitations.

49. Upton was denied placement into a position which would have been a reasonable accommodation for her physical limitations.

50. Essroc terminated Upton's employment at least in part due to her physical limitations.

## COUNT I – VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964

51. Plaintiff is a member of a protected class inasmuch as she is a female.

52. Defendant has violated Title VII of the Civil Rights Act of 1964 by discriminating against her at least in part because of her sex.

53. Defendant has discriminated against Plaintiff with respect to her compensation and the terms, conditions and privileges of her employment at least in part because of her sex.

54. Defendant deprived Plaintiff of employment opportunities, or benefits or otherwise adversely affected Plaintiff's employment status at least in part because of her sex.

55. Defendants actions were willful, intentional, and / or taken with reckless disregard for Plaintiff's rights.

56. Plaintiff has experienced losses as a result of Defendant's unlawful conduct.

## COUNT II – VIOLATION OF THE AMERICANS WITH DISABILITIES ACT

57. Defendant, in violation of the ADA, failed to provide a reasonable accommodation for Plaintiff's physical limitations.

58. Defendant's actions were willful, intentional, and / or taken with reckless disregard for Plaintiff's rights.

59. Plaintiff has experienced losses as a result of Defendant's unlawful conduct.

## COUNT III – VIOLATION OF THE AMERICANS WITH DISABILITIES ACT

60. Defendant used Plaintiff's disability as a motivating factor in Defendant's decision to deny to Plaintiff the terms, conditions, privileges and perks of employment available to similarly situated individuals who were not disabled, and ultimately in Defendant's decision to terminate Plaintiff's employment, in violation of the Americans with Disabilities Act.

61. Defendant's actions were willful, intentional, and / or taken with reckless disregard for Plaintiff's rights.

62. Plaintiff has experienced losses as a result of Defendant's unlawful conduct.

## PRAYER FOR RELIEF

WHEREFORE Plaintiff respectfully requests that this Court find in her favor and provide her with the following relief:

a. An Order awarding Plaintiff her unpaid wages;

b. An Order awarding Plaintiff compensatory damages;

c. An Order restoring Plaintiff to her employment by Defendant;

d.  An Order requiring that Defendant make reasonable accommodation for Plaintiff's disability;

e.  An Order enjoining Defendant from committing further violations of the ADA and Title VII;

f.  An Order awarding pre- and post-judgment interest at the highest rate allowable by law;

g.  An Order awarding Plaintiff her attorney's fees; and

h.  An Order granting such other relief as may be necessary and appropriate in this Court's judgment.

        s/Jason R. Ramsland _____
Jason R. Ramsland (#29443-29)
BALL EGGLESTON, PC
201 Main Street, Suite 810
P.O. Box 1535
Lafayette, Indiana 47902
765.742.9046 (phone)
765.742.1966 (fax)
jramsland@ball-law.com
Attorney for Plaintiff

## DEMAND FOR JURY TRIAL

Plaintiff demands trial by jury on all counts so triable.

        s/Jason R. Ramsland _____
Jason R. Ramsland (#29443-29)
BALL EGGLESTON, PC
201 Main Street, Suite 810
P.O. Box 1535
Lafayette, Indiana 47902
765.742.9046 (phone)
765.742.1966 (fax)
jramsland@ball-law.com
Attorney for Plaintiff